**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SHORE LIMITED OPERATING
PARTNERSHIP; RANDALL SHORE;
STARLA SHORE,

      Plaintiffs-Appellants,

v.

ANN VENEMAN, * Secretary of the
United States Department of
Agriculture,

      Defendant-Appellee.

No. 00-3097
(D.C. No. 97-CV-1495)
(D. Kan.)

---

**ORDER AND JUDGMENT** **

---

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     Pursuant to Fed. R. App. P. 43(c)(2), Ann Veneman is substituted for Dan
Glickman, Secretary of the United States Department of Agriculture, as the
defendant in this action.

**     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Randall and Starla Shore, as partners in Shore Limited Operating Partnership, appeal from the denial of their applications for emergency and operating farm loans by defendant Secretary of the Department of Agriculture. We have jurisdiction under 7 U.S.C. § 6999 and 28 U.S.C. § 1291.

The Shores are farmers in western Kansas. In 1993, 1994, and 1995, heavy hail damaged their crops. The county in which the Shore partnership is located was declared a disaster area eligible for federal relief. In 1995, the Shores applied to the Farmers Home Administration for a loan, designated "NAD 238W." In 1996, the Shores applied to the newly created Farm Service Agency (FSA) for two more loans, designated "NAD 239W" and "NAD 240W." The FSA also took over NAD238W.

NAD 238W was initially approved in September 1995 by the Farmers Home Administration based on a 1995 "Farm and Home Plan," a financial document showing the annual financial condition of the partnership. <u>See</u> 7 C.F.R. § 1924.57(b). [1] On the same day, Randall Shore signed a "Certification Approval" which noted that the loan was "subject to the availability of funds and other

---

[1] The agency based its decision on the regulations as they existed in early 1996. The regulations were substantially revised later in 1996.

conditions required by the Farmers Home Administration." Appellants' App. at 35. Funds were obligated for NAD 238W, but the loan never closed.

As time passed and the agency's evaluation of the Shores' three loan applications continued, the agency prepared updated Farm and Home Plans which reached conflicting results. An initial 1996 plan projected that the partnership would be unable to repay the requested loans, but a revised 1996 plan showed a positive cash flow. The FSA later prepared a 1997 plan based on updated financial information from the partnership, which projected that the partnership would be unable to repay the requested loans. Based on the 1997 plan, the FSA determined that a repayment plan was not feasible and denied all three loan applications.

On the Shores' request for agency review, the denial was first reversed by a hearing officer and then reaffirmed by the Acting National Appeals Division Director. The district court remanded after its first review of the Shores' suit, and affirmed the denial that resulted after the remand.

The Shores contend on appeal that: (1) the Secretary of Agriculture and the FSA failed to comply with the laws, regulations, and agency policy provisions regarding emergency and operating loans; (2) the administrative decision denying their loan applications is not supported by the record; and (3) the Secretary should be ordered to pay interest on the loans in accordance with the Prompt Payment

-3-

Act, 31 U.S.C. § 3902(h)(2). The Secretary reframes the issues on appeal as: (1) whether the district court properly held that the FSA complied with applicable regulations when it reevaluated and denied NAD 238W after it had been approved; and (2) whether the district court properly held that FSA's preparation and use of the 1997 Farm and Home Plan to deny all three of the Shores' loan applications was done in accordance with regulations and was neither arbitrary nor capricious. We consider the Secretary's statement of the issues to be more consistent with the Shores' arguments of their issues.

Under 7 U.S.C. § 6999, judicial review of the agency's final decision is governed by the Administrative Procedures Act, 5 U.S.C. §§ 701-06. We may set aside an agency's decision only if it is arbitrary, capricious, or otherwise not in accordance with the law, or if the record does not contain substantial evidence to support the decision. 5 U.S.C. § 706; see Hoyl v. Babbitt, 129 F.3d 1377, 1382 (10th Cir. 1997). The district court's orders are entitled to no deference. Id. In light of this standard, the Shores' arguments do not prevail.

The Shores maintain that 7 C.F.R. § 1910.6(f) required NAD 238W to be paid within fifteen days after it was approved. As thoroughly explained by the district court in its August 3, 1999 Memorandum and Order, § 1910.6(f) provides an exception for loans, like NAD 238W, approved subject to the availability of funds. NAD 238W was governed by the process described in § 1910.6(g), which

required the FSA to update the partnership's financial information, § 1910.6(g)(1), and allowed the FSA to reconsider both the eligibility of the partnership and the feasability of the loan, § 1910.6(g)(2).

The Shores also argue that the preparation and use of the 1997 plan to deny the other loan applications was improper. We find no error. As explained above and in more detail by the district court in its August 3, 1999 Memorandum and Order, the regulations required the agency to update the Shores' financial information. Further, the Shores have not shown that the regulations required the agency to make its loan decision in light of the combined financial condition of the Shores and the partnership. The Shores also contend that the 1997 plan is faulty because it was not dated and initialed by them, as required by 7 C.F.R. § 1924.57(d)(4). We agree with the district court's conclusion in its March 3, 2000 Memorandum and Order that the error was harmless. Whether initialed and dated or not, the 1997 plan showed that the Shore partnership would not be able to pay back the requested loans.

Because we find no error in the denial of the Shores' three loan applications, we need not consider the argument that they are entitled to interest.

AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge